SLIP OPINION  Cite as 2015 Ark. 106

# SUPREME COURT OF ARKANSAS
### No. CR-14-728

| | |
|---|---|
| | **Opinion Delivered** March 12, 2015 |
| RODNEY FLETCHER<br>APPELLANT | PRO SE APPEAL FROM THE<br>FULTON COUNTY CIRCUIT COURT<br>[NO. 25CR-10-77] |
| V. | |
| | HONORABLE TIM WEAVER, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | <u>AFFIRMED</u>. |

## PER CURIAM

In 2012, appellant Rodney Fletcher was found guilty by a jury of commercial burglary, theft of property, and fraud. He was found not guilty of eighteen counts of possession of a controlled substance with intent to deliver. Appellant was sentenced to serve an aggregate term of 1,200 months' imprisonment and a fine of $35,000 was imposed. The Arkansas Court of Appeals affirmed. *Fletcher v. State*, 2014 Ark. App. 50.

After the mandate in the case issued on February 11, 2014, appellant timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). A hearing was held on the petition, and the trial court entered an order denying the relief sought. Appellant brings this appeal.

This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm

conviction that a mistake has been committed. *Caery v. State*, 2014 Ark. 247 (per curiam); *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694.

Appellant's initial argument on appeal is that the evidence adduced at trial was insufficient to sustain the judgment of conviction. The assertion is not a ground for relief under the Rule. Questions pertaining to the sufficiency of the evidence are matters to be addressed at trial and on direct appeal and are not cognizable in a postconviction proceeding. *Mathis v. State*, 2014 Ark. 148 (per curiam); *Green v. State*, 2013 Ark. 455 (per curiam). A postconviction proceeding under Rule 37.1 is not a substitute for direct appeal or an opportunity to challenge the strength of the evidence adduced at trial. *Mathis*, 2014 Ark. 148; *Green*, 2013 Ark. 455.

Appellant raised in his Rule 37.1 petition the claim that his sentences as a habitual offender exceeded the range set by Arkansas Code Annotated section 5-4-501(a) (Repl. 2006), which was the statute indicated on the original sentencing order as being applicable to his sentence. At the evidentiary hearing, the trial court noted that it was an error for the box next to section 5-4-501(a) to be checked on the original sentencing order because the jury was instructed that 5-4-501(b) applied and appellant was found to have the requisite number of prior convictions in accordance with section 5-4-501(b). The trial court entered a modified order to correct the error. Appellant contends on appeal that the trial court did not have authority to correct the sentencing order in his case to reflect that he was sentenced as a habitual offender under section 5-4-501(b) rather than 5-4-501(a). We find no error.

Rule 37.1(a)(iii) permits the trial court to correct an improper sentence, but, here, there was no showing that an improper sentence was imposed. The trial court merely amended the

sentencing order to reflect the correct statute under which appellant was sentenced in accordance with the instructions given the jury, and appellant does not argue that the amended sentencing order does not reflect the sentence imposed.

At the close of the argument portion of the appellant's brief, appellant reproduces the Rule 37.1 petition filed in the trial court and labels it as "argument," without making any arguments beyond those contained in the petition. Even if we consider the claims in the petition as points for reversal of the order, we find no ground to overturn the order.

In addition to the arguments already addressed, appellant contended in his petition that he was denied a speedy trial, the trial court erred in denying a motion for mistrial made by his counsel during trial, and the State did not meet its discovery obligations. We have consistently held that such claims are a direct attack on the judgment and are thus properly raised in the trial court; such claims are not grounds for a collateral attack on the judgment under Rule 37.1. *Camacho v. State*, 2011 Ark. 235 (per curiam) (A challenge to a judgment based on assertion of a speedy-trial violation was not cognizable under the Rule.). Assertions of trial error, even if of constitutional dimension, must be raised at trial and on appeal. *Watson v. State*, 2012 Ark. 27 (per curiam).

Appellant also claimed in the petition that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence from the defense until the middle of trial. The claim is clearly one that could have been made at the time of trial. As such, it is also not a ground for relief under Rule 37.1. *Cunningham v. State*, 2013 Ark. 304, 429 S.W.3d 201 (per curiam) (A claim of prosecutorial misconduct for failure to disclose evidence, standing alone, was not a ground

for postconviction relief under Rule 37.1 as the issue could have been raised at trial.).

Finally, appellant raised in his petition allegations that his trial attorney was ineffective, asserting that the claims should be considered "individually and collectively." The concept of cumulative error, however, is not recognized in Rule 37.1 proceedings when assessing whether a petitioner was afforded effective assistance of counsel. *Bryant v. State*, 2013 Ark. 305, 429 S.W.3d 193 (per curiam); *State v. Hardin*, 347 Ark. 62, 60 S.W.3d 397 (2001) (holding that it was reversible error for the trial court to consider cumulative error in assessing claims of ineffective assistance of counsel).

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Caery*, 2014 Ark. 247; *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the

SLIP OPINION

wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant contends that he was denied effective assistance of counsel because he did not agree with his attorney "for any continuances" and that he was not afforded due process as a

result. He suggests that the continuances caused him to be held in custody or on bail in excess of the time allowed for a speedy trial. If appellant intended the statement to be an allegation that counsel denied him his right to a speedy trial, he failed to provide any facts to support the claim. It is axiomatic that statements without factual support are not sufficient to satisfy the second prong under *Strickland* because conclusory claims do not demonstrate that there was prejudice to the defense. *Chunestudy v. State*, 2014 Ark. 345, 438 S.W.3d 923 (per curiam). It is not enough to allege prejudice; prejudice must be demonstrated with facts. *Stiggers v. State*, 2014 Ark. 184, 433 S.W.3d 252.

Appellant argued in his petition that his attorney was ineffective in that counsel failed to conduct a thorough investigation of facts surrounding the charges and possible defenses. He contends that counsel should have found out whether certain drugs had truly come from the pharmacy that he was charged with burglarizing. The allegation does not establish a *Strickland* violation because appellant did not meet his burden of proving that, when the totality of the evidence was considered, there is a reasonable probability that, but for some error of counsel, the fact-finder would have had a reasonable doubt respecting guilt such that the jury's decision would have been different absent the error. While counsel has a duty to make a reasonable investigation or to make a reasonable decision that renders particular investigations unnecessary, when a petitioner under Rule 37.1 alleges ineffective assistance for failure to perform an adequate investigation, he must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome of the trial. *Dixon*

6

*v. State*, 2014 Ark. 97 (per curiam). The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Anthony v. State*, 2014 Ark. 195 (per curiam).

In addition to his allegations of error on the part of trial counsel, appellant also contended that counsel on direct appeal was ineffective for failing to obtain an appellate ruling on the issue of whether the trial court should have granted a motion for mistrial when his criminal history and parole status were revealed to the jury. Appellant did not demonstrate that he was entitled to postconviction relief on the claim because he offered no facts to show that counsel's decision not to ask for a mistrial under the circumstances was outside the bounds of reasonable professional judgment or that there was a ground for a mistrial, which is an extreme and drastic remedy to be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial. *See Ellis v. State*, 2014 Ark. 24 (per curiam). The petitioner claiming ineffective assistance of appellate counsel bears the burden of demonstrating that there was an issue that would have been meritorious on direct appeal and would have resulted in relief from the judgment. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Appellant did not make that showing.

Affirmed.

*Rodney Fletcher*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.