Cite as 2015 Ark. 409

# SUPREME COURT OF ARKANSAS

No. CR-15-268

| | | |
|---|---|---|
| DON AIRSMAN, JR. | | **Opinion Delivered** November 5, 2015 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NO. 29CR-12-164] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RANDY WRIGHT, JUDGE |
| | | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Don Airsman, Jr. was found guilty by a Hempstead County jury of first-degree murder and was sentenced to life imprisonment. This court affirmed. *Airsman v. State*, 2014 Ark. 500, 451 S.W.3d 565.

Airsman subsequently filed a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2015) in the trial court. He raised four claims for relief. First, he claimed that a juror, who failed to disclose his inappropriate contact with six deputies and Airsman, should have been removed from the jury and replaced with one of the alternate jurors. His next three claims for relief centered on allegations of prosecutorial misconduct which included the following: (1) that the prosecutor promised his father, Donnie Airsman, immunity for testifying and that the prosecutor waved two pistols around the courtroom, causing jurors to yell out; (2) that the prosecutor stated the investigation was ongoing pending the trial, but the "investigator over the whole case testified at trial that it had been over

and proved that it had been self defense[,]" and that the trial court should have ruled on this finding of self-defense prior to trial; and (3) that the prosecutor did not play a video from the beginning as ordered by the trial court, omitting a part that allegedly showed a "deal made by the prosecutor with the witness." The trial court denied Airsman's request for Rule 37.1 relief, finding that his allegations fell "short of meeting the requirement of a valid collateral attack" and that Airsman was not entitled to an evidentiary hearing based on the conclusory nature of his allegations.[1] Airsman timely lodged an appeal of that order in this court.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the circuit court clearly erred in holding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, 427 S.W.3d 29. The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors

---

[1]Arkansas Rule of Criminal Procedure 37.3(c) provides that an evidentiary hearing should be held in postconviction proceedings unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where the trial court dismisses a Rule 37.1 petition without an evidentiary hearing, it "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. In the instant case, the trial court's order denying postconviction relief complies with the requirements of Rule 37.3.

SLIP OPINION

so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam).

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*,

466 U.S. at 697.

On appeal, Airsman makes the following arguments supporting his claims for Rule 37.1 relief: (1) trial counsel did not point out an incident to the trial court between a juror and deputies during a break which should have been addressed and that, when the trial court asked if anyone had been affected by anyone talking to them, a comment was made that "[h]e[, Donnie Airsman,] just whispered to the jury and said, [s]elf-[d]efense[,]" which tainted the jury; (2) the prosecutor did not play a recording properly during the trial, and trial counsel did not object to the prosecutor's misconduct; (3) various claims of prosecutorial misconduct and ineffective assistance of counsel because counsel allowed the prosecutorial misconduct to occur; (4) a conflict of interest with trial counsel based on his failure to testify, lack of mitigation evidence, and his interaction with counsel on an unrelated case when Airsman was a corrections or law-enforcement officer; and (5) a catch-all argument that the jury was tainted. Contrary to Airsman's assertions, he failed to establish that he was entitled to postconviction relief on any of his claims.

Airman's arguments on appeal that Donnie Airsman improperly spoke to the jury during the trial, that there was a conflict of interest with counsel, and that the jury was tainted were not raised below for the trial court to consider. All grounds for relief pursuant to the Rule must be asserted in the original or an amended petition. Ark. R. Crim. P. 37.2. We do not consider issues that are raised for the first time on appeal. *Jamett v. State*, 2010 Ark. 28, 358 S.W.3d 874 (per curiam).

With respect to Airsman's first claim about the juror—which appears to be an amalgamation of an ineffective-assistance-of-counsel claim or juror-misconduct claim for failure

to point out an incident with a juror to the trial court and a claim regarding trial court error for not removing the juror—Airsman did not make a clear argument below with respect to whether he claimed the proposed error was made by the trial court, trial counsel, or the juror when he argued the juror should have been removed and replaced with one of the alternates. While the argument on appeal appears to be similar to the claim made in Airsman's Rule 37.1 petition, parties may not change on appeal the scope and nature of their arguments made below. *Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000).

Even if properly raised on appeal and if Airsman intended to make a claim of juror misconduct, such a claim is not cognizable in a Rule 37.1 petition. *See Hayes v. State*, 2011 Ark. 327, at 7, 383 S.W.3d 824, 830 (per curiam). This court has held that a Rule 37 proceeding does not provide a means to challenge the constitutionality of a judgment where the issue could have been raised to the trial court, and "a defendant's remedy for alleged juror misconduct is to directly attack a verdict by requesting a new trial[.]" *Howard*, 367 Ark. at 29, 238 S.W.3d at 33–34.

If Airsman's juror-related claim is one regarding trial court error from the trial court permitting the juror to remain on the jury or from the trial court failing to further inquire about the juror, such a claim could have been raised at trial. Allegations of trial error that could have been raised at trial or on appeal may not be raised in a Rule 37.1 proceeding. *Robertson v. State*, 2010 Ark. 300, 367 S.W.3d 538 (per curiam); *see Britt v. State*, 2009 Ark. 569, at 7, 349 S.W.3d 290, 297 (per curiam). Because this argument was not raised at trial or on appeal and because Airsman has failed to argue an error so basic that it rendered the judgment a nullity, Airsman did not demonstrate he was entitled to postconviction relief. *See id.*

To the extent Airsman claims trial counsel was ineffective for failing to challenge the continued seating of the juror on the jury, his claim would still fail. Airsman was the only witness to the acts that allegedly occurred with the juror and deputies. No proof, outside of Airsman's own self-serving claims, was otherwise provided that the incident occurred nor had he provided evidence that trial counsel was aware of the juror incident. Arguments based upon self-serving statements do not meet the burden of establishing an ineffective-assistance claim. *See Camp v. State*, 2015 Ark. 90, 457 S.W.3d 276. Airsman failed to meet his burden of showing any type of juror misconduct or that counsel should have been aware of the juror misconduct. *See Wedgeworth v. State*, 2013 Ark. 119, at 5 (per curiam). "An appellant must do more than allege prejudice, he must demonstrate it with facts." *Id.* at 5–6 (citing *Wallace v. State*, 2010 Ark. 485 (per curiam)).

Airsman's multiple claims of prosecutorial misconduct, including arguments that the prosecutor misplayed the recording to the jury, the prosecutor promised immunity to Donnie Airsman, and the prosecutor "withheld from the court and the Defense that self-defense had been proven" are not cognizable in a Rule 37.1 proceeding. *Scott v. State*, 2012 Ark. 199, at 6, 406 S.W.3d 1, 4. Claims of prosecutorial misconduct are claims that should be raised at trial or on direct appeal and are not claims that may be raised for the first time in a Rule 37 petition. *Howard*, 367 Ark. at 27, 238 S.W.3d at 32 (citing *Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000)). Moreover, Airsman's argument that trial counsel was ineffective for permitting the prosecutor's misconduct must also fail. Airsman failed to describe what action counsel should have taken or how any action taken by trial counsel would have changed the result of his trial. Instead, he merely states that trial counsel's failure to prevent the alleged acts of prosecutorial

misconduct constituted ineffective assistance of counsel. Again, '[s]uch conclusory statements, wholly lacking in allegations of prejudice, fall far short of meeting the *Strickland* standard, and are insufficient to warrant Rule 37 relief." *Howard*, 367 Ark. at 34, 238 S.W.3d at 37.

Based on the *Strickland* standard, we cannot say that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. As stated, this court will uphold the judgment of the trial court denying postconviction relief unless the appellant demonstrates that the judgment was clearly erroneous. To establish that the trial court erred in finding that counsel was not ineffective, the petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Thompson v. State*, 2013 Ark. 179 (per curiam); *see also Moore v. State*, 2014 Ark. 231 (per curiam). Airsman has not met that burden. Accordingly, the trial court's order is affirmed.

Affirmed.

*Don Airsman, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.