SLIP OPINION

Cite as 2015 Ark. 456

# SUPREME COURT OF ARKANSAS

No. CR–13–415

|  |  |
|---|---|
| RODNEY STEVEN FLETCHER<br>PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** December 3, 2015<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [FULTON COUNTY CIRCUIT COURT, NO. 25CR-10-77]<br><br><br>PETITION DENIED. |

## PER CURIAM

In 2012, petitioner Rodney Fletcher was found guilty by a jury of commercial burglary, theft of property, and fraud. Fletcher was sentenced as a habitual offender to an aggregate term of 1,200 months' imprisonment, and a fine of $35,000 was imposed. The Arkansas Court of Appeals affirmed. *Fletcher v. State*, 2014 Ark. App. 50.

Subsequently, Fletcher timely filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012). A hearing was held on the petition, and the trial court denied the relief sought. We affirmed the order. *Fletcher v. State*, 2015 Ark. 106, 458 S.W.3d 234 (per curiam).

Now before us is Fletcher's pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in the case. The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61.

We need not discuss the scope of a coram-nobis proceeding because Fletcher does not argue in his petition that there is any ground on which the writ should, or could, issue in his case. When a petitioner does not so much as raise a claim for relief, there is no basis on which this court can grant leave to proceed in the trial court. It is axiomatic that a petitioner must state a basis for the writ supported by specific facts that demonstrate that there is merit to the claim raised.[1] *See State v. Larimore*, 341 Ark. 397, 407, 17 S.W.3d 87, 93 (2000).

Petition denied.

---

[1]After the State filed its response to Fletcher's coram-nobis petition, he tendered a response to the State's response to which he appended a copy of a coram-nobis petition that he had filed in the trial court on April 27, 2015. We do not consider that trial-court petition as an attachment to the petition filed here because it was not appended to the original petition, and there is no provision in the prevailing rules of procedure to file a response to a response.