
# SUPREME COURT OF ARKANSAS

**No.** CR–15–660

| | |
|---|---|
| ROLANDIS LARENZO CHATMON <br> APPELLANT <br><br> V. <br><br> STATE OF ARKANSAS <br> APPELLEE | **Opinion Delivered** March 17, 2016 <br><br> APPEAL FROM DENIAL OF PRO SE PETITION FOR POSTCONVICTION RELIEF; PRO SE MOTION AND AMENDED MOTION TO REMAND AND MOTION FOR APPOINTMENT OF COUNSEL <br> [FAULKNER COUNTY CIRCUIT COURT, NO. 23CR-12-571] <br><br> HONORABLE CHARLES E. CLAWSON, CIRCUIT JUDGE <br><br> <u>AFFIRMED; MOTION AND AMENDED MOTION TO REMAND</u> <u>MOOT; MOTION FOR APPOINTMENT</u> <u>OF COUNSEL MOOT.</u> |

**PER CURIAM**

Rolandis Larenzo Chatmon appeals the denial of his pro se petition for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. Also pending are Chatmon's motion and amended motion to remand to the trial court, as well as his motion for appointment of counsel. Because it is clear from the record that Chatmon cannot prevail on appeal, we affirm and his motions are moot.

On August 9, 2013, Chatmon was found guilty by a jury of three counts of aggravated robbery and one count of theft of property. He was sentenced, as a habitual offender with a firearm enhancement, to a term of three life sentences plus 360 months' imprisonment. His convictions resulted from the residential robbery of three individuals at

gunpoint. His convictions and sentences were affirmed by this court on direct appeal. *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731.

Chatmon filed a timely petition for postconviction relief. The trial court conducted a hearing and provided Chatmon with the opportunity to make additional arguments and allegations in support of his petition for postconviction relief. Following the hearing, the trial court denied relief and concluded that Chatmon's claims were without merit as either not cognizable in a Rule 37 proceeding or insufficient to meet the two-prong standard announced in *Strickland v. Washington*, 466 U.S. 688 (1984).

This court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Adkins v. State*, 2015 Ark. 336, at 1, 469 S.W.3d 790, 794 (per curiam). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.* We will affirm if a trial court makes the correct decision even if it does so for a different reason. *Jones v. State*, 347 Ark. 409, 422, 64 S.W.3d 728, 737 (2002).

For his first point on appeal, Chatmon alleges that his arrest was based on unreliable and thus insufficient evidence, an obstruction of justice, along with the "wholesale suppression" of exculpatory evidence; and that he is innocent of the crimes for which he was convicted. Generally, a challenge to the validity of an arrest warrant and a challenge to sufficiency of the evidence are not cognizable under Rule 37.1. *Moten v. State*, 2013 Ark. 503, at 4 (per curiam); *Scott v. State*, 2012 Ark. 199, at 6–7, 406 S.W.3d 1, 4 (per curiam).

SLIP OPINION

Chatmon's assertion that the police and prosecutor suppressed exculpatory evidence was not raised below and will not be addressed on appeal. *Thorton v. State*, 2014 Ark. 113, at 2 (per curiam) (An appellant cannot raise new arguments on appeal or add factual substantiation to the allegations made below.).

For his second point on appeal, Chatmon alleges improper admission of prejudicial evidence. Claims of trial error that could have been addressed at trial and on the record on direct appeal are not grounds for relief under Rule 37.1. *Stewart v. State*, 2014 Ark. 419, at 10, 443 S.W.3d 538, 545 (per curiam). Arkansas Rule of Criminal Procedure 37.1 is not a means to challenge the admissibility of evidence. *Id.* (citing *Watson v. State*, 2012 Ark. 27, at 3 (per curiam)).

In his third assignment of error, Chatmon insists that his right to a speedy trial was violated and that counsel waived his speedy-trial rights without his knowledge or consent. We have consistently held that claims based on a violation of the right to a speedy trial are a direct attack on the judgment, and such claims are not grounds for a collateral attack on the judgment under Rule 37.1. *Fletcher v. State*, 2015 Ark. 106, at 3, 458 S.W.3d 234, 238 (per curiam). Chatmon's claim that counsel was ineffective in waiving his right to a speedy trial without his knowledge or consent is cognizable under Rule 37.1, but the allegation lacks merit because the record shows that there was no violation of Chatmon's right to a speedy trial.

Chatmon was arrested on May 15, 2012, and was brought to trial on August 8, 2013. Here, a suppression motion was filed on January 4, 2013, and the motion was decided in Chatmon's favor on April 8, 2013, which represented an excludable period of time that

equaled 94 days. Ark. R. Crim. P. 28.3(a) (2013). Further, the State's continuance due to the unavailability of material evidence, which accounted for an additional 30 days, is also excluded from a speedy-trial calculation. *See* Ark. R. Crim. P. 29.3(d)(1) (2013). When 124 days of excludable time is subtracted from the 450-day time frame between Chatmon's arrest and his trial, 326 days remain, which is well within the 365-day time frame mandated by the speedy-trial rules. *Breeden*, 2014 Ark. 159, at 8–9, 432 S.W.3d at 625–26.

In Chatmon's fourth point on appeal, he claims that he was denied effective assistance of counsel and raises numerous allegations of error in support of this claim. The trial court denied the ineffective-assistance-of-counsel claim without specifically addressing the allegations raised by Chatmon. If the trial court fails to make specific findings, it is reversible error, except in cases where it can be determined from the record that the petition is wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Hennington v. State*, 2012 Ark. 181, at 9, 403 S.W.3d 55, 62. Here, a review of the record conclusively demonstrates that Chatmon failed to state facts warranting postconviction relief based on his ineffective-assistance-of-counsel claim and the supporting allegations of error.

Under the two-prong standard outlined in *Strickland*, 466 U.S. 668, to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Adkins v State*, 2015 Ark. 336, at 5–6, 336 S.W.3d 790, 795 (per curiam). Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Airsman v. State*, 2015 Ark. 409, at 3,

SLIP OPINION

473 S.W.3d 549, 553 (per curiam). Chatmon's conclusory allegations of error fail to overcome the strong presumption that counsel provided effective assistance and fail to demonstrate prejudice.

At the outset, Chatmon contends that his counsel's poor performance was the result of a conflict of interest. According to Chatmon, the conflict arose when he filed a pretrial motion requesting the appointment of new counsel. An actual conflict of interest generally requires proof that counsel "actively represented conflicting interest," of third parties. *Townsend v. State*, 350 Ark. 129, 134, 85 S.W.3d 526, 528 (2002). There is no evidence in the record of an actual conflict. In the absence of an actual conflict, a petitioner alleging that counsel's performance was deficient due to another form of conflict must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. (citing *Mickens v. Taylor*, 535 U.S. 162 (2002)). Chatmon's bare assertion that his relationship with counsel was tainted by hostility and that he desired other representation does not, standing alone, establish that he was deprived of effective representation.

The specific ineffective assistance arguments that Chatmon makes on appeal that were presented below and preserved for appellate review are as follows: (1) trial counsel failed to adequately cross-examine the State's witnesses by identifying inconsistencies in the testimony; (2) trial counsel failed to object to the admission of the gun seized from Chrystal Brown's vehicle; (3) trial counsel failed to object to the admission of evidence of other crimes during the sentencing phase of Chatmon's trial; (4) trial counsel failed to present exculpatory evidence during the sentencing phase; (5) trial counsel failed to object to the

State's closing argument; (6) trial counsel failed to conduct an adequate investigation and failed to prepare for the guilt and sentencing phases of his trial.

Chatmon's assertions that counsel failed to conduct effective cross-examination or to conduct a proper investigation lack factual substantiation sufficient to demonstrate that counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced by counsel's alleged errors. *Airsman*, 2015 Ark. 409, at 3, 473 S.W.3d at 553. Chatmon does not identify the witnesses whose testimony was subject to impeachment nor does he describe the inconsistencies he is referencing. Where a petitioner alleges ineffective assistance for failure to perform an adequate investigation, he must identify what materials, witnesses, or evidence could have been uncovered by further investigation, and he must establish actual prejudice arising from this failure by demonstrating by a reasonable probability that the specific materials uncovered with further investigation could have changed the trial outcome. *Howard v. State*, 367 Ark. 18, 34, 238 S.W.3d 24, 28 (2006). Chatmon does not identify what material could have been discovered by additional investigation, and, in the absence of such specific allegations, prejudice cannot be determined. *Abernathy v. State*, 2012 Ark. 59, at 8, 386 S.W.3d 477, 483 (per curiam).

Chatmon's arguments on appeal that counsel was ineffective by failing to object to the admission of evidence during the guilt phase of his trial is unavailing. Chatmon contends that the gun seized from Chrystal Brown's vehicle should have been suppressed. Chatmon does not provide a basis upon which the gun could have been suppressed or excluded from evidence. The gun was seized in a legal search of the vehicle and was relevant to a determination of Chatmon's guilt. Ark. R. Evid. 401(b) (2015). A person seeking

SLIP OPINION

postconviction relief based on the failure of counsel to make an objection must show that the counsel could have made a successful objection in order to demonstrate prejudice. *Breeden*, 2014 Ark. 159, at 8, 432 S.W.3d at 625. There is no such showing here.

Chatmon's contention that counsel was ineffective for failing to object to the admission of evidence introduced during the sentencing phase is likewise without merit. Chatmon does not explain how the testimony of Tiffany Fisk, which he contends was improper, could have been successfully excluded, and, therefore, fails to show prejudice. *Breeden*, 2014 Ark. 159, at 8, 432 S.W.3d at 625.

Chatmon also contends that counsel failed to introduce exculpatory evidence to refute the testimony of Tiffany Fisk, but fails to describe the nature of this alleged exculpatory evidence and does not explain how it could have discredited the testimony. Chatmon's allegation that counsel was ineffective for failing to object to the prosecutor's closing argument does not identify the basis for a successful objection. Conclusory allegations unsupported by facts and that provide no showing of prejudice are insufficient to warrant Rule 37 relief. *Nelson v. State*, 344 Ark. 407, 413, 39 S.W.3d 791, 795 (2001) (per curiam). The burden is entirely on a petitioner to affirmatively support an ineffective-assistance-of-counsel claim with factual substantiation sufficient to overcome the presumption that counsel was effective and to demonstrate that he was prejudiced by counsel's poor representation.

For his fifth assignment of error, Chatmon asserts that the court erred when it refused to appoint conflict-free counsel. However, the court did not rule on this request by Chatmon. Where the trial court provides written findings on at least one, but less than all

of the petitioner's claims, we have held that an appellant has an obligation to obtain a ruling on any omitted issues if they are to be considered on appeal. *Cowan v. State*, 2011 Ark. 537, at 3 (per curiam). Chatmon's failure to obtain a ruling on this claim precludes review by this court.

In his sixth claim for relief, Chatmon alleges on appeal that the prosecutor failed to disclose evidence introduced at the trial and failed to provide a full witness list disclosing Monett Soloman and Tiffany Fisk as witnesses. With respect to Chatmon's contention that the prosecutor failed to disclose evidence introduced at trial, including audio recordings of Chatmon's telephone conversations that took place while he was incarcerated, this is an allegation that should have been raised at trial and on direct appeal and cannot be raised for the first time in a Rule 37 petition. *Howard v. State*, 367 Ark. 18, 27, 238 S.W.3d 24, 32 (2006). The claim regarding the failure to disclose the names of these witnesses was not argued below and is waived on appeal. *Thornton*, 2014 Ark. 113, at 2.

The trial court did not clearly err when it rejected Chatmon's claims for postconviction relief based on allegations of trial-court error, prosecutorial misconduct, and ineffective assistance of counsel and therefore, we affirm. Chatmon's motions to remand for specific rulings from the trial court are moot. Chatmon's motion for appointment of counsel is moot.

Affirmed; motion and amended motion to remand moot; motion for appointment of counsel moot.