SLIP OPINION

Cite as 2016 Ark. 297

# SUPREME COURT OF ARKANSAS.

No. CR–16–367

| | |
|---|---|
| DON AIRSMAN, JR.<br><br>PETITIONER<br><br>V.<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>RESPONDENT | Opinion Delivered July 21, 2016<br><br>PRO SE PETITION FOR WRIT OF MANDAMUS<br>[HEMPSTEAD COUNTY CIRCUIT COURT, NO. 29CR-12-164]<br><br><br>PETITION DENIED. |

## PER CURIAM

In 2013, petitioner Don Airsman, Jr., was convicted of first-degree murder and received a life sentence with an enhancement of 180 months' imprisonment. This court affirmed the judgment. *Airsman v. State*, 2014 Ark. 500, 451 S.W.3d 565. In 2015, Airsman filed a pro se petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2015), which the trial court denied. This court affirmed the denial of postconviction relief. *Airsman v. State*, 2015 Ark. 409, 473 S.W.3d 549 (per curiam). Following that decision, Airsman filed a second petition for postconviction relief in the trial court, which the trial court denied and dismissed.

Airsman now brings this pro se petition for writ of mandamus in which he appears to request this court to direct the Honorable Randy Wright, Circuit Judge, to file and sign documents concerning an appeal of the order denying and dismissing his second Rule 37.1 petition. He requests that Judge Wright be directed to "explain" to this court so that he is

SLIP OPINION

"not penalized on time restraints" and may pursue an appeal of the order denying the Rule 37.1 petition. We deny the mandamus petition.

An applicant for an extraordinary writ such as mandamus carries the burden to demonstrate that the relief he seeks is merited. *Lonoke Cty. v. City of Lonoke*, 2013 Ark. 465, 430 S.W.3d 669. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty by a public official. *Veverka v. Gibson*, 2013 Ark. 59. When requesting a writ, a petitioner must show a clear and certain right to the relief sought and the absence of any other remedy. *Id.*

Airsman has not clearly established a duty that Judge Wright failed to perform. To the extent that he would have this court direct Judge Wright to file any documents, that duty is the circuit clerk's and not Judge Wright's. *See Meraz v. State*, 2010 Ark. 121 (per curiam). An action to compel the circuit clerk to perform a duty is properly pursued in circuit court. *Grant v. Reynolds*, 2014 Ark. 100 (per curiam). To the extent that Airsman is contending that Judge Wright has failed to rule on a pleading or petition he filed, Airsman has not identified the document. Judge Wright ruled on the only pleading contained in the record before this court—the second Rule 37.1 petition.[1] Airsman appears to contend that Judge Wright has failed to act on a pleading Airsman filed in connection with an appeal of the denial of postconviction relief, but, if so, that pleading is not contained in the record before this court.[2] Airsman has the burden to bring up a record sufficient for this court to

---

[1]The record contains the sentencing order, the November 12, 2015 Rule 37.1 petition, the order denying that petition, and a notice of appeal as to an earlier order.

[2]Judge Wright's response to the mandamus petition includes as attachments a notice of appeal for the order in the record before us and a petition to proceed in forma pauperis

grant relief. *Spearman v. State*, 2013 Ark. 196, 427 S.W.3d 593. As to Airsman's claim that

Judge Wright has an obligation to provide this court with an explanation for any delay or

for Airsman's failure to meet time obligations regarding an appeal, we are unaware of any

duty imposed by the rules of procedure in that regard at this juncture, and Airsman points

to none.

      Petition denied.

---

filed by Airsman. Judge Wright contends that, even if these were the documents that
Airsman wished to have him rule on, he has now entered an order on the petition granting
Airsman status as a pauper on appeal.