SLIP OPINION

Cite as 2016 Ark. 424

# SUPREME COURT OF ARKANSAS.
**No.** CR-16-203

| | |
|---|---|
| CURTIS LAMONT HORTON | **Opinion Delivered** December 1, 2016 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT AND |
| V. | PRO SE MOTION TO SUPPLEMENT APPELLANT'S BRIEF |
| | [NO. 63CR-11-344] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE GARY ARNOLD, JUDGE |
| | |
| | AFFIRMED; MOTION DENIED. |

## PER CURIAM

In 2013, appellant Curtis Lamont Horton was found guilty by a jury of aggravated residential burglary, theft of property, and failure to appear. He was sentenced as a habitual offender to an aggregate sentence of 708 months' imprisonment. The Arkansas Court of Appeals affirmed. *Horton v. State*, 2014 Ark. App. 250. Horton subsequently filed in the trial court a timely, verified petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The trial court denied the petition, and this court granted Horton's motion to proceed with a belated appeal of the order. *Horton v. State*, 2016 Ark. 193, at 1 (per curiam). Both Horton and the State have filed briefs, and the appeal is now before us.

The trial court order denying postconviction relief is affirmed. A motion that Horton filed to supplement his brief is denied as it is clear from the record that Horton could not prevail in his appeal. This court has held that it will reverse the trial court's

decision granting or denying postconviction relief only when that decision is clearly erroneous. *Carter v. State*, 2015 Ark. 166, at 3, 460 S.W.3d 781, 786. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Applying this standard of review, we hold that the trial court's decision was not clearly erroneous in denying Horton's petition for postconviction relief.

Horton contended in his petition that he was not afforded effective assistance of counsel at trial or on direct appeal. His allegations were stated as conclusions; that is, there was no factual support offered for any of the claims. For that reason, he did not state a ground for relief under Rule 37.1, and trial court did not err in denying the relief sought. Conclusory allegations that are unsupported by facts do not provide a basis for granting postconviction relief under the Rule or provide a basis for holding an evidentiary hearing on the allegations contained in a petition. *Sandrelli v. State*, 2016 Ark. 103, at 3, 485 S.W.3d 692, 694.

Assertions of ineffective assistance of counsel are assessed under the standard set by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the two-prong standard in *Strickland*, a petitioner seeking postconviction relief must show that his counsel's performance was deficient and that the deficient performance resulted in prejudice. *Fukunaga v. State*, 2016 Ark. 164, at 3, 489 S.W.3d 644, 646. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and the petitioner has the burden of overcoming that presumption by identifying

the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Feuget v. State*, 2015 Ark. 43, at 4, 454 S.W.3d 734, 738. Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). From a review of Horton's petition, the trial court's order, and the briefs in this appeal, it cannot be said that any allegation raised by Horton met the *Strickland* standard and overcame the presumption that he was afforded effective assistance of counsel at trial.

With respect to Horton's claims of ineffective assistance of counsel on direct appeal, the petitioner has the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *Moore v. State*, 2011 Ark. 269 (per curiam). Counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *State v. Rainer*, 2014 Ark. 306, 440 S.W.3d 323, *reh'g denied*, 2014 Ark. 373, 440 S.W.3d 328. It is the petitioner's responsibility to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. *Id.* Conclusory claims of ineffective assistance of appellate counsel are insufficient to warrant a finding that appellate counsel did not render competent representation on direct appeal under the *Strickland* standard. *See Magness v. State*, 2015 Ark.

SLIP OPINION

185, 461 S.W.3d 345 (per curiam). Horton has fallen far short of establishing that there was a particular meritorious issue that appellate counsel could have raised on direct appeal but did not. Therefore, he has not shown that he was denied effective assistance of counsel on appeal. *See Frazier v. State*, 2016 Ark. 55, 482 S.W.3d 305 (per curiam).

In addition to numerous allegations of ineffective assistance of counsel, Horton also made a series of statements in his petition that may have been intended as claims of trial error, such as "impartial jury was not impaneled," "prosecutorial misconduct during sentencing phase," and the statement that his sentence was illegal because he was denied due process of law. If the allegations were indeed intended as claims of trial error, issues that could have been addressed at trial and on the record on direct appeal are not grounds for relief under Rule 37.1. *Chatmon v. State*, 2016 Ark. 126, at 3, 488 S.W.3d 501, 504 (per curiam), *reh'g denied* (Apr. 21, 2016). Furthermore, as to Horton's allegations of prosecutorial misconduct, we have held that such claims are a direct challenge to the judgment and not a collateral attack, and thus those claims are outside the purview of a Rule 37.1 proceeding. *See Wood v. State*, 2015 Ark. 477, 478 S.W.3d 194, *reh'g denied* (Feb. 11, 2016).

To the extent that it could be said that Horton raised the legality of the sentence imposed on him in the judgment, he did not demonstrate that the sentence was illegal. His conclusory statements that his trial attorney was ineffective and that he did not receive a fair trial did not constitute a showing that the judgment on conviction and the resulting sentences in the three cases were illegal. Horton made the statement in his petition that his sentence was "illegal (due process)," but he did not explain what due-process violation

rendered the sentence illegal. A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. *Bell v. State*, 2015 Ark. 370 (per curiam), *cert. denied*, 136 S. Ct. 2485 (2016); *see also Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999). Horton's unexplained claim of a due-process violation did not constitute a showing that the sentences were illegal. While a judgment is void where there is an absence of due process, *Neal v. State*, 2016 Ark. 287, at 7, ___ S.W.3d ___, ___, the petitioner must offer facts to support the claim that his or her judgment is void. *See Davis v. State*, 2013 Ark. 189 (per curiam). Horton also did not demonstrate any other basis for concluding that any of the three sentences imposed on him was illegal because he did not demonstrate, or even contend, that the sentences imposed on him exceeded the statutory maximum or that the trial court was without the authority to impose those sentences. *See Glaze v. State*, 2011 Ark. 464, 385 S.W.3d 203.

Pursuant to Arkansas Code Annotated section 5–39–204(b) (Repl. 2013), aggravated residential burglary is a Class Y felony. As a habitual offender, Horton was subject to a sentence of not less than ten years to forty years, or life. *See* Ark. Code Ann. §§ 5-4-401(a)(1) and 5-4-501(b). Horton's sentence of 420 months' (thirty-five years') imprisonment, which was imposed for aggravated residential burglary, was within statutory limits for the offense.

Theft of property under Arkansas Code Annotated section 5–36–103(a)(2) and failure to appear under Arkansas Code Annotated section 5–54–120(c)(1) (Supp. 2013) are each Class C felonies. As a habitual offender, Horton was subject to a sentence for each offense of not less than three years' imprisonment and not more than thirty years' imprisonment.

*See* Ark. Code Ann. 5-4-401 and 5-4-501(a)(2)(C). Horton's sentences of 144 months' (twelve years') imprisonment for each offense were not outside the statutory range for the offenses.

Horton also made the allegation that the State failed to "charge and prove each element of crime," which was a violation of due process of law. Again, Horton provided no factual substantiation for the claim that there was a due-process violation. If he was questioning the sufficiency of the evidence to sustain the jury's finding of guilt, we need not reiterate the holding of the court of appeals that Horton's conduct satisfied the elements of aggravated residential burglary as set out in Arkansas Code Annotated section 5-39-204(a), or review the record to reach a determination of whether Horton was properly found guilty of theft of property or failure to appear, because Rule 37.1 does not afford a convicted defendant a means to challenge the sufficiency of the evidence to sustain a conviction. *Chatmon*, 2016 Ark. 126, 488 S.W.3d 501.

Next, Horton contended in his petition that the trial court should have considered his claims "individually and collectively." Even if he had not stated the allegations in entirely conclusory terms, it is well settled that a court is not required to recognize cumulative error in assessing allegations of ineffective assistance of counsel. *See Noel*, 342 Ark. 35, 26 S.W.3d 123; *see also Pedraza v. State*, 2016 Ark. 85, 485 S.W.3d 686 (per curiam); *State v. Hardin*, 347 Ark. 62, 60 S.W.3d 397 (2001) (holding that it was reversible error for the trial court to consider cumulative error in assessing claims of ineffective assistance of counsel).

Finally, Horton argues in his brief that the trial court should have held a hearing on his petition, that the court's order did not satisfy the requirements of Rule 37.3(a), and that

SLIP OPINION

a deputy prosecuting attorney should not have been allowed by the court to draft the order. Under the precedent set by this court in considering appeals from postconviction orders, the arguments fail.

Rule 37.3 requires an evidentiary hearing in a Rule 37.1 postconviction proceeding unless the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief. *Beverage v. State*, 2015 Ark. 112, at 5, 458 S.W.3d 243, 247. If the files and the record conclusively show that the petitioner is not entitled to relief, the trial court may simply make written findings to that effect, "specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a). Furthermore, this court also may affirm the denial of a Rule 37.1 petition notwithstanding the trial court's failure to make sufficient findings under Rule 37.3(a) in two circumstances: (1) when it can be determined from the record that the petition is wholly without merit, or (2) when the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *See Turner v. State*, 2016 Ark. 96, at 8, 486 S.W.3d 757, 763. In the instant case, it is clear from the record that Horton could not prevail on appeal because, as stated, his petition was essentially conclusory in nature. Neither this court nor the trial court was required to search the trial record in an attempt to determine what grounds Horton may have intended to raise by means of his bare conclusory statements or what factual substantiation there may have been for an asserted ground. *See Wilburn v. State*, 292 Ark. 416, 730, 730 S.W.2d 491 (1987) (per curiam).

As to the notation on the Rule 37.1 order that a deputy prosecuting attorney drafted it, we have rejected the argument that the circuit court judge must personally draft each

order in a matter. We have held that when a court approves and signs the order, the trial court has approved and adopted the order; accordingly, it makes no difference what person drafted the order so long as the court approved it. *Scott v. State*, 267 Ark. 628, 631, 593 S.W.2d 27, 29 (1980) (holding that an order in a criminal matter drafted by the prosecutor and signed by the circuit judge was in compliance with requirements of the law); *see also Maldonado v. State*, 2011 Ark. 452, at 4 (per curiam) (it was not error for the trial court to approve and adopt the order disposing of a Rule 37.1 petition that was drafted by the prosecuting attorney, and the order contained the requisite findings of fact and conclusions of law).

Affirmed; motion denied.

*Curtis Lamont Horton*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.