Cite as 2019 Ark. App. 432

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–18–611

| | | |
|---|---|---|
| FRANKIE VON HOLT | | **Opinion Delivered** October 2, 2019 |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR-15-1380] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Frankie Von Holt was convicted by a jury of trafficking methamphetamine, possession of hydromorphone with the purpose to deliver, possession of oxycodone with the purpose to deliver, conspiracy to commit delivery of methamphetamine, and possession of drug paraphernalia. He was sentenced as a habitual offender to consecutive sentences totaling 185 years in the Arkansas Department of Correction. On direct appeal, we affirmed the convictions. *Vonholt v. State*, 2018 Ark. App. 53, 540 S.W.3d 312. Appellant then filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37. Following a hearing, the circuit court denied appellant's petition. Appellant now appeals, and we affirm.

Appellant raised five arguments in his petition that he argues on appeal: (1) counsel was ineffective for refusing to introduce a written confession by a codefendant accepting all

responsibility for drug possession; (2) the prosecutor committed misconduct by failing to disclose a codefendant's history as a confidential informant; (3) counsel was ineffective for failing to move to sever his trial from that of his codefendants; (4) counsel was ineffective for failing to present exculpatory evidence of a codefendant's bandaged hand and his possession of a pill bottle; and (5) counsel was ineffective for failing to call any witnesses. At the Rule 37 hearing, appellant argued some of his points to the court and asked for a retrial, but he admitted that he had no evidence. The court informed appellant of his burden of proving the allegations and offered him the opportunity to put on any testimony or evidence to substantiate his allegations. Appellant presented no evidence despite his trial counsel's presence at the hearing. The circuit court entered an order denying appellant's claims after finding that appellant "presented nothing other than his reassertion that he wanted a new trial."

On appeal, our appellate courts will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Chatmon v. State*, 2016 Ark. 126, 488 S.W.3d 501. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* We will affirm if a circuit court makes the correct decision even if it does so for a different reason. *Id.*

Under the two-prong standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced petitioner's defense. *Chatmon*, *supra*. Unless a petitioner makes both showings, it cannot

be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable.  *Id*.  Conclusory allegations that are unsupported by facts and that provide no showing of prejudice are insufficient to warrant Rule 37 relief.  *Id*.  The burden is entirely on a petitioner to affirmatively support an ineffective-assistance-of-counsel claim with factual substantiation sufficient to overcome the presumption that counsel was effective and to demonstrate that petitioner was prejudiced by counsel's poor representation.  *Id*.

Two of appellant's points on appeal allege that counsel was ineffective due to her failure to present exculpatory evidence.  Appellant argues that counsel should have introduced (1) a confession written by his codefendant claiming ownership of the drugs and (2) evidence that his codefendant had a bandaged hand to explain the lack of fingerprints found on a pill bottle discovered in appellant's truck.  At the hearing, however, appellant failed to provide any proof of this allegedly exculpatory evidence, such as the written confession itself, the codefendant's testimony regarding the confession and his bandaged hand, or his counsel's testimony regarding the confession and the bandaged hand.  Because there is no proof, we hold that the circuit court did not err in denying relief on this claim. *See Luper v. State*, 2016 Ark. 371, 501 S.W.3d 818 (holding that petitioner failed to offer any proof of exculpatory evidence when he did not produce phone records allegedly showing that the rape victim was using the phone at the time of the rape and that the victim's mother encouraged the victim to falsely allege rape).

Appellant's claim that the prosecutor committed misconduct by failing to disclose his codefendant's history as a confidential informant is not cognizable in a Rule 37 proceeding. *Airsman v. State*, 2015 Ark. 409, 473 S.W.3d 549.  Claims of prosecutorial misconduct

should be raised at trial or on direct appeal and may not be raised for the first time in a Rule 37 petition. *Id.*

Appellant next argues that counsel was ineffective for failing to move to sever his trial from that of his codefendants. Generally, the decision whether to seek a severance is one of trial strategy and is not grounds for postconviction relief. *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294. Unless the defendants' conflicting trial strategies go to the essence of the defenses and are so great that both defenses cannot be accommodated by the jury, severance is not required, and counsel cannot be ineffective for failing to request it. *Id.* In his petition below, appellant asserted that he was prejudiced by the failure to sever his trial because the evidence against his codefendants, who were charged with different crimes than he was, erroneously influenced the jury against him and confused the jury. At the hearing, he also complained that he did not get a fair trial because his counsel had to share time for closing arguments with the other two attorneys. Arguments based on self-serving statements do not meet the burden of establishing an ineffective-assistance claim. *Airsman, supra.* Appellant does not specify why the evidence was difficult for the jury to segregate, and this conclusory argument will not warrant postconviction relief. *Strain, supra.*

Appellant expands his severance argument on appeal to additionally argue that his attorney may have colluded with the attorneys of his codefendants to avoid severance by advising each defendant not to testify. We do not address this argument. An appellant is limited to the scope and nature of the arguments made below, and he or she cannot raise new arguments on appeal or add factual substantiation to the allegations made below. *Gordon v. State*, 2018 Ark. 73, 539 S.W.3d 586.

Appellant's last point is that counsel was ineffective for failing to call any witnesses in his defense. When a petitioner alleges ineffective assistance of counsel concerning the failure to call witnesses, it is incumbent on the petitioner to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618. Appellant satisfied none of these requirements below. On appeal, he alleges that beneficial testimony could have been obtained from one of his codefendants and from unnamed "family and friends"; however, as stated above, appellant cannot raise new arguments on appeal or add factual substantiation to the allegations made below. *See Gordon, supra.* Accordingly, we affirm the circuit court's denial of postconviction relief.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Frankie Von Holt*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.