SLIP OPINION

Cite as 2015 Ark. 447

# SUPREME COURT OF ARKANSAS

No. CR-15-256

| | |
|---|---|
| TERRY DETHEROW<br>APPELLANT | **Opinion Delivered** December 3, 2015 |
| V. | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CR-12-2256] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Terry Detherow was found guilty by a jury of manslaughter and third-degree battery. He was sentenced as a habitual offender to an aggregate term of 540 months' imprisonment. The sentence for manslaughter was enhanced for use of a firearm pursuant to Arkansas Code Annotated section 16-90-120 (Repl. 2006). The Arkansas Court of Appeals affirmed. *Detherow v. State*, 2014 Ark. App. 478, 444 S.W.3d 867.

Subsequently, Detherow timely filed in the trial court a verified, pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013), claiming that he was denied effective assistance of counsel. The trial court denied the petition, and Detherow brings this appeal.[1]

---

[1]In his brief on appeal, Detherow has restated some of the issues raised in the petition filed below and in some instances reworded his arguments. On appeal, an appellant is limited to the scope and nature of the arguments he made below and that were considered by the circuit court in rendering its ruling. For that reason, we will consider only those argument in the brief that were raised below and the support for those claims that appeared in the petition. *Feuget v. State*, 2015 Ark. 43, at 8, 454 S.W.3d 734, 740 (2015). Any allegation raised below that is not argued in this appeal is considered abandoned. *See Sims v. State,* 2015 Ark. 363.

SLIP OPINION

We do not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Lemaster v. State*, 2015 Ark. 167, 459 S.W.3d 802. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sales v. State*, 2014 Ark. 384, 441 S.W.3d 883.

We assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Under this standard, the petitioner must first show that counsel's performance was deficient. *Id.* This requires a showing that counsel made errors so serious that the petitioner was deprived of the counsel guaranteed to the petitioner by the Sixth Amendment. *Id.* Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial the outcome of which cannot be relied on as just. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). Both showings are necessary before it can be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Lemaster*, 2015 Ark. 167, 459 S.W.3d 802.

Detherow was originally charged with first-degree murder in the death of John Mosley and first-degree battery of Charles Wilmoth following a shooting at an outdoor party in Pulaski County attended by more than one hundred adults and children. Evidence adduced at trial reflected that Detherow had brought a gun to the party and had shot the gun into the air when he was asked to leave. When Wilmoth tried to take the gun from Detherow, Wilmoth and Mosley were both shot. Detherow testified that he did not intend to hurt anyone and pulled the

SLIP OPINION

gun only because he felt threatened. The jury entered guilty verdicts on the lesser- included offenses of manslaughter and third-degree battery.

Detherow raises three issues on appeal. He first argues that counsel was remiss in not objecting when the trial court instructed the jury, pursuant to Arkansas Code Annotated section 5-4-702(a) (Supp. 2011), that the offenses were committed in the presence of children because the presence of children was not an element of manslaughter. He further contends that counsel should have objected when the jury returned a verdict reflecting its decision that the offenses had been committed in the presence of children. He also contends that the trial court wrongfully tried to "etch" into the jurors' minds that children had witnessed the shootings.

In the guilt phase of Detherow's trial, the jury considered first-degree murder and lesser-included offenses, including manslaughter. The jury was instructed that the sentence was subject to an enhancement of 180 months' imprisonment for use of a firearm. It was also erroneously instructed in that phase that, if the jury found that Detherow was guilty of manslaughter, it must also decide whether the offense occurred in the presence of a child. The instruction was not proper because we have held that the offense of manslaughter is not subject to enhancement for having been committed in the presence of a child. *Hart v. State*, 2014 Ark. 250.

While the erroneous instruction regarding the offense being committed in the presence of a child was given in the guilt phase, in the penalty phase of the trial, there was no instruction on the offense being committed in the presence of a child, and the verdict form did not provide for enhancement on that basis. Accordingly, in the penalty phase, the jury did not consider the issue of whether children were present. The jury affixed Detherow's sentence at 360 months' imprisonment for manslaughter committed by a habitual offender with four or more prior felony

3

SLIP OPINION

convictions. *See* Ark. Code Ann. § 5-4-501(b)(2)(D) (Supp. 2011) (with four or more prior felony convictions, the sentence range for a Class C felony is three to 360 months). The jury also found that the sentence should be enhanced for use of a firearm. As the sentence and enhancement were not outside the range for the offense and the enhancement, the sentence was not illegal. *See Hart*, 2014 Ark. 250.

To establish that counsel's representation was ineffective under the *Strickland* standard, the petitioner has the heavy burden of showing that counsel's performance was so deficient that it resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. *See Wainwright*, 307 Ark. 569, 823 S.W.2d 449. Here, the jury was misinstructed in the guilt phase of the trial, but it was properly instructed in the penalty phase and affixed a sentence within legal limits. The issue is therefore whether the petitioner was prejudiced by counsel's failure to object in the guilt phase to the erroneous instruction.

As stated, when considering whether a petitioner was prejudiced by counsel's conduct under Rule 37.1, we consider the totality of the evidence before the judge or jury. *Sims v. State*, 2015 Ark. 363. The evidence adduced at trial established that Detherow was the initial aggressor who struck one man with his fist, shot his gun into the air, and then shot Wilmoth, who was attempting to wrest the gun away from him. Detherow then shot Mosley, who was not touching either Detherow or the gun. Also before the jury was evidence that Detherow had been found guilty of multiple prior felonies. Considering the totality of the evidence and the fact that the jury found Detherow guilty of the lesser-included offense of manslaughter, we cannot say that there is a reasonable probability that the outcome of the trial would have been different had the jury had been correctly instructed in the guilt phase.

Detherow's second point for reversal of the order is not clear. He argues that the trial court erred by ruling on issues raised in his Rule 37.1 petition because "these were not issues requiring a 'Ruling' in my Rule 37 Petition; rather, the issue was whether or not my attorney, Mr. James, was ineffective for not raising the specific issues for a Ruling before Trial." Detherow faults the trial court for issuing rulings "after the fact." As an example of the trial court's error, Detherow asserts that, when ruling on the allegation raised in his petition that counsel should have sought a change of venue, the court had an "agenda" under which the court assumed there was no prejudice to the defense when it could not know for certain that there was no prejudice.

Detherow has not stated a ground for reversal of the order because the allegation is too vague to constitute a showing of ineffective assistance of counsel under *Strickland*. When an appellant offers vague assertions of error with no citation of authority, we have no basis to grant relief. *Davis v. State*, 345 Ark. 161, 172, 44 S.W.3d 726, 732 (2001). Clear and convincing argument is necessary before this court can conclude that the lower court erred in its ruling. *See Dixon v. State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

In his final issue on appeal, Detherow contends that the trial court erred when it failed to appoint counsel to represent him in the Rule 37.1 proceeding. The trial court has the discretion to appoint counsel under the Rule. Ark. R. Crim. P. 37.3(b) (2015). Detherow cites *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) in support of his argument that counsel should have been appointed in his case, but we have rejected the argument that *Martinez* and *Trevino* require appointment of counsel. *Mancia v. State*, 2015 Ark. 115, at 26, 459 S.W.3d 259, 275.

Moreover, while Detherow filed a motion for appointment of counsel in the trial court,

he did not raise the question of whether *Martinez* and *Trevino* should apply to his proceeding. The trial court did not have the issue before it, and we do not consider issues that are raised for the first time on appeal. *Id.*

Affirmed.

*Terry Detherow*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.