SLIP OPINION

Cite as 2016 Ark. 423

# SUPREME COURT OF ARKANSAS.

No. CR–15–853

| | | |
|---|---|---|
| BRYANT E. TURNER | | **Opinion Delivered** December 1, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-12-921] |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | APPELLEE | AFFIRMED. |

**PER CURIAM**

In 2013, appellant Bryant E. Turner was found guilty of aggravated robbery and theft of property with a firearm enhancement and was sentenced to life imprisonment in case number 23CR–12–921 in the Faulkner County Circuit Court.[1] On direct appeal from the judgment, Turner challenged the sufficiency of the evidence to support the convictions. We affirmed. *Turner v. State*, 2014 Ark. 415, 443 S.W.3d 535.

On December 18, 2014, Turner timely filed in the trial court a verified pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013) seeking to vacate the judgment on the grounds that he was denied effective assistance of counsel and that he was denied a fair and impartial trial because the trial judge was

---

[1] At the time of the hearing in case number 23CR–12–921 on Turner's postconviction petition that is the subject of this appeal, there were also ongoing pretrial proceedings on charges pending against Turner in case number 23CR–13–364. Some matters in case number 23CR–13–364 that did not appear to pertain to the postconviction petition were discussed at the beginning of the hearing on the petition in 23CR–12–921. Case number 23CR–13–364 was later dismissed.

SLIP OPINION

aggravated with him and the jury was all white, as were the victims. In 2015, Turner filed an amended petition in which he enlarged on the claims raised in the original petition. After a hearing was held, the petition was denied, and Turner brings this appeal.

When considering an appeal from a trial court's denial of a Rule 37.1 petition when the petition was based on claims that counsel was ineffective, the sole question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783; *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). In making a determination of ineffective assistance of counsel, the totality of the evidence must be considered. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong analysis. First, a claimant must show that counsel's performance was deficient. *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290. Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. The petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992). A court must indulge in a strong

SLIP OPINION

presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Henington*, 2012 Ark. 181, 403 S.W.3d 55.

Second, a claimant must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *Id*. The petitioner must show that, even if counsel's conduct is shown to be professionally unreasonable, the judgment will stand unless the petitioner can demonstrate that counsel's error had an actual prejudicial effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 691. A petitioner, in claiming deficiency, must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. A petitioner must also demonstrate that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, or in other words, that the decision reached would have been different absent the errors. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id*. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Our standard of review in Rule 37.1 proceedings is that, on appeal from a trial court's ruling on a petitioner's request for Rule 37.1 relief, this court will not reverse the trial

court's decision granting or denying postconviction relief unless it is clearly erroneous. *Houghton v. State*, 2015 Ark. 252, at 5, 464 S.W.3d 922, 927. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*; *Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001).

Turner first argues in this appeal that the trial court erred by ruling that his attorney was not ineffective for failing to raise a "constitutional challenge" to the victims' inability to definitively identify him as the perpetrator.[2] We first note that the trial court did not specifically rule on the allegation, which was contained in Turner's original Rule 37.1 petition. The trial court merely held that there was not sufficient factual support for Turner's allegations on which the court could grant relief. If Turner desired a more specific ruling, it was his burden to request it. An appellant has an obligation to obtain a ruling on any omitted issues if those issues are to be considered on appeal. *Chatmon v. State*, 2016 Ark. 126, at 8, 488 S.W.3d 501, 506, *reh'g denied* (Apr. 21, 2016).

Moreover, even if it could be said that the trial court reached the issue when it declared that Turner failed to state facts to support his claims of ineffective assistance of counsel, there was no error because Turner's assertion that counsel could have raised a constitutional challenge to the victims' identification was entirely without explanation for a basis on which counsel could have challenged the identification. When the petitioner under

---

[2] The issue of the uncertainty of the victims' identification of Turner was raised on direct appeal as part of his challenge to the sufficiency of the evidence to sustain the judgment. This court held that there was substantial evidence to support the jury's verdict. *Turner*, 2014 Ark. 415, at 5, 443 S.W.3d 535, 538.

the Rule does not state a ground on which counsel could have based an objection, he has not established that trial counsel was remiss in not objecting. *Wedgeworth v. State*, 2013 Ark. 119, at 5 (per curiam). An appellant must do more than allege prejudice—he must demonstrate it with facts. *Id*. at 5–6.

In a similar claim, Turner next contends that the trial court erred in rejecting his argument "on positive identification" because the victims' identification of him as the assailant was uncertain and eyewitness testimony is inherently suspect. It is clear that Turner is contending that the evidence was not sufficient to sustain the judgment. We have repeatedly held that a claim of actual innocence or other attack on the weight of the evidence to support the judgment is a direct challenge to the sufficiency of the evidence that is not cognizable in a Rule 37.1 proceeding. *See Van Winkle v. State*, 2016 Ark. 98, at 11, 486 S.W.3d 778, 787; *see also Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. The sufficiency of the evidence was a matter to be settled at trial and on the record on direct appeal. *Henson v. State*, 2015 Ark. 302, at 7, 468 S.W.3d 264, 269 (per curiam). Likewise, the issue of the credibility of a witness is not a ground for Rule 37.1 relief. *Id*. Rule 37.1 does not afford the petitioner the opportunity to retry his case, *see Sherman v. State*, 2014 Ark. 474, at 7, 448 S.W.3d 704, 710 (per curiam), or to reargue issues settled at trial or on appeal. *Howard*, 367 Ark. at 44, 238 S.W.3d at 44.

As his third point for reversal of the order, Turner contends that the trial court erred by not holding that counsel was ineffective for failing to adequately investigate his case. He particularly alleges that alibi witnesses could have been located. The argument fails because Turner failed in his petition to offer more than general claims that counsel was remiss. That

is, Turner failed to state what specific information could have been uncovered by counsel with a more thorough investigation. *Young v. State*, 2015 Ark. 65.

Although it is true that counsel has a duty to conduct a reasonable investigation or to make a reasonable decision that a particular investigation is unnecessary, a petitioner under Rule 37.1 who alleges ineffective assistance of counsel for failure to perform an adequate investigation must delineate the actual prejudice that arose from the failure to investigate and demonstrate a reasonable probability that the specific materials that would have been uncovered with further investigation could have changed the outcome of trial. *Watson v. State*, 2014 Ark. 203, 444 S.W.3d 835. General assertions that counsel did not aggressively prepare for trial are not sufficient to establish a claim of ineffective assistance of counsel. *Id.*; *Wertz v. State*, 2014 Ark. 240, 434 S.W.3d 895.

The one potential alibi witness that Turner named in his petition and raised at the Rule 37.1 hearing was his great aunt, Linda Neal. He alleged that Neal, had she been subpoenaed, could have testified at trial that Turner was living with her in Tennessee at the time of the offenses. At the hearing, the State presented evidence that counsel for Turner wrote Neal before trial informing her of the date of trial and enclosing a subpoena for her appearance. While the subpoena did not reflect service on Neal, the State argued, and the trial court held in its order, that not calling Neal was a matter of trial strategy. Generally, the decision to call a particular witness is one of strategy and is beyond the purview of Rule 37.1. *Dansby v. State*, 350 Ark. 60, 68, 84 S.W.3d 857, 862 (2002). When a decision by counsel was a matter of trial tactics or strategy, and that decision is supported by reasonable professional judgment, then such a decision is not a proper basis for relief under Rule 37.1.

SLIP OPINION

*Sartin v. State*, 2012 Ark. 155, at 4, 400 S.W.3d 694, 697. This is true even when the chosen strategy was improvident in retrospect. *Id.*

It should also be noted that Neal did not appear at the Rule 37.1 hearing, and Turner presented no proof that Neal would have provided an alibi. Accordingly, Turner's claim concerning Neal was not supported by facts. The burden was on him to establish that Neal could have provided alibi testimony that would have changed the outcome of the trial. He did not meet that burden. *See Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840 (per curiam).

Furthermore, the court, when considering a claim of ineffective assistance of counsel for failure to call a witness, may take into account the totality of evidence in deciding if the petitioner has established that the outcome of the trial would have been different if a particular witness had been called. This is because the objective in reviewing such an assertion is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Smith v. State*, 2010 Ark. 137, 361 S.W.3d 840, 846 (per curiam).

Here, there was evidence adduced at Turner's trial that a man went into a retail store, pulled a gun from his backpack, and demanded money. When the man left the store, he left the backpack behind, which contained a bottle of mouthwash. One of the clerks at the store picked a man from a black-and-white photographic spread who was not Turner with a certainty of 70 to 80 per cent; but, when the clerk was shown pictures in color, the clerk identified Turner with 100 per cent certainty. The clerk also identified Turner and the backpack from a video obtained from the store's security system.

Another clerk first picked the same man that the first clerk had identified with a certainty of 60 to 70 per cent. When shown pictures in color, however, the clerk also

identified Turner as the assailant and identified the backpack as the one left in the store. The State introduced evidence that Turner's DNA was found on the bottle of mouthwash inside the backpack. While neither Turner's DNA nor fingerprints were found on the backpack, as stated, the trial court found the evidence of Turner's guilt to be substantial, and this court affirmed that decision. As there was substantial proof adduced at trial of Turner's guilt, the trial court's decision that counsel was not ineffective for failing to call Neal as an alibi witness, based on the totality of evidence alone, was not clearly erroneous.

Turner's fourth point for reversal of the order is that the trial court erred in finding that counsel was not ineffective with respect to counsel's failure to secure mitigation evidence. As with his allegation concerning counsel's failure to adequately prepare for trial, the trial court did not specifically address the claim. Nevertheless, if it could be said that the trial court's summary rejection of Turner's claims of ineffective assistance of counsel encompassed the allegation, Turner's allegation pertaining to mitigation evidence was entirely conclusory. As with any claim concerning trial preparation, the petitioner must demonstrate that there was specific information to be brought out with further trial preparation. *See Wertz*, 2014 Ark. 240, 434 S.W.3d 895, 901. We have held that the petitioner must name a particular witness that counsel could have discovered who would have offered specific, admissible evidence that could have been presented in mitigation. *James v. State*, 2013 Ark. 290, at 4 (per curiam). It is incumbent on the petitioner to name the witness, provide a summary of that witness's testimony, and establish that the testimony would have been admissible. *Id.*; *Hogan v. State*, 2013 Ark. 223 (per curiam). Because

Turner failed to meet those requirements, his claim did not merit further consideration by the trial court. *James*, 2013 Ark. 290.

With respect to Turner's claims in his petition that he was denied a fair trial because the trial court was aggravated with him and there was an all-white jury, the trial court correctly noted that the allegations were not supported by facts to show prejudice. Also, the claims were subject to denial under the Rule because the statements were assertions of trial error. Allegations of trial error that could have been raised at trial or on appeal may not be raised in Rule 37.1 proceedings. *Robertson v. State*, 2010 Ark. 300, at 5, 367 S.W.3d 538, 542 (per curiam).

In sum, Turner has not established that there was any reversible error in the Rule 37.1 proceedings in his case. As the trial court's decision to deny the requested relief was not clearly erroneous, the order is affirmed

Affirmed.

*Bryant E. Turner*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.