

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–837

| | |
|---|---|
| ZACKERY WARREN SHADWICK | **Opinion Delivered** April 19, 2017 |
| APPELLANT | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CR–14–66] |
| V. | |
| STATE OF ARKANSAS | HONORABLE WILLIAM M. PEARSON, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Zackery Warren Shadwick was convicted of possessing or viewing matter depicting sexually explicit conduct involving a child, failing to register as a sex offender, and entering a school campus as a registered sex offender. He was sentenced to an aggregate sentence of 312 months' imprisonment. Pursuant to Arkansas Supreme Court Rule 4-3(k) and *Anders v. California*, 386 U.S. 738 (1967), Shadwick's counsel filed a motion to withdraw, stating there was no merit to an appeal. Shadwick's convictions and sentences were affirmed by the Arkansas Court of Appeals. *Shadwick v. State*, 2016 Ark. App. 13. The mandate issued on February 2, 2016. On March 18, 2016, Shadwick timely filed a verified pro se petition under Arkansas Rule of Criminal Procedure 37.1 (2016). On June 29, 2016,

the trial court denied the petition for postconviction relief, and Shadwick lodged an appeal from the denial.[1]

On appeal, Shadwick contends that trial counsel was ineffective for the following reasons: failing to change the venue; failing to object to the State's use of his past criminal history during the guilt and innocence phase of trial which prejudiced him; not objecting to faulty jury instructions and failing to offer instructions to the jury regarding the evidence of other crimes; failing to investigate and present evidence to prove his innocence; and failing to challenge the trial court's jurisdiction because he was in Montana at the time of the offenses.

When considering an appeal from a trial court's denial of a Rule 37.1 petition, the sole question presented is whether, under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783; *Sparkman v. State*, 373 Ark. 45, 281 S.W.3d 277 (2008). In making a determination of ineffective assistance of counsel, the totality of the evidence must be considered. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55.

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, the appellate court assesses the effectiveness of counsel under a two-

---

[1]The Arkansas Court of Appeals acquired jurisdiction of this appeal pursuant to footnote 1 in *Barnes v. State*, 2017 Ark. 76, ___S.W.3d___.

prong analysis. First, a petitioner must show that counsel's performance was deficient. *Britt v. State*, 2009 Ark. 569, 349 S.W.3d 290 (per curiam). Counsel is presumed effective, and allegations without factual substantiation are insufficient to overcome that presumption. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. The petitioner has the burden of overcoming the presumption by identifying specific acts and omissions that, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Wainwright v. State*, 307 Ark. 569, 823 S.W.2d 449 (1992) (per curiam). A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Henington*, 2012 Ark. 181, 403 S.W.3d 55.

Second, a petitioner must also show that this deficient performance prejudiced his defense so as to deprive him of a fair trial. *Id*. The petitioner must show that, even if counsel's conduct is shown to be professionally unreasonable, the judgment will stand unless the petitioner can demonstrate that counsel's error had an actual prejudicial effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 691. A petitioner, in claiming deficiency, must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. A petitioner must also demonstrate that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, or in other words, that the decision reached would have been different absent the errors. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id*. The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). Unless a

petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance of counsel claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

The standard of review in Rule 37.1 proceedings is that, on appeal from a trial court's ruling on a petitioner's request for Rule 37.1 relief, the appellate court will not reverse the trial court's decision granting or denying postconviction relief unless it is clearly erroneous. *Beavers v. State*, 2016 Ark. 277, 495 S.W.3d 76. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

Shadwick contends that his trial counsel was ineffective for failing to seek a change in venue. Specifically, he argues that counsel did not ask the potential jurors, "Have you seen or read a public notification of the local sex offenders[,]" or "Have you ever seen Defendant's picture before?" Shadwick contends that counsel's failure to ask these questions caused him prejudice. The trial court determined that Shadwick's allegations were conclusory.

The decision of whether to seek a change of venue is largely a matter of trial strategy and is therefore not an issue to be debated under Rule 37. *Van Winkle v. State*, 2016 Ark. 98, at 13, 486 S.W.3d 778, 787. As the trial court was finding the jury panel qualified, it read the criminal information which included count two—sex offender failing to register—

and the jury was made aware of the nature of the offenses for which Shadwick was being tried. Shadwick failed to argue the nature of any impact regarding whether the jurors had seen his image on any notifications prior to trial on the outcome of his trial. Trial counsel is not ineffective for failure to make a motion or argument when petitioner failed to show that the motion or argument would have been meritorious. *Rea v. State*, 2016 Ark. 368, at 9, 501 S.W.3d 357, 364 (per curiam). By merely making a conclusory claim that had counsel asked some specific questions about recognizing Shadwick from public postings or notifications, Shadwick fails to make a convincing claim that he is entitled to postconviction relief. *See Jones v. State*, 2014 Ark. 448, at 6–7, 486 S.W.3d 743, 748 (per curiam) ("The burden is entirely on the claimant to provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective."); s*ee also Detherow v. State*, 2015 Ark. 447, at 5, 476 S.W.3d 155, 159 (per curiam).

Shadwick next claims counsel was ineffective for failing to object to the State's introduction of his past criminal history during the guilt phase of the trial pursuant to Rule 609 of the Arkansas Rules of Evidence. Specifically, he contends that he would have received an impartial judgment and would not have been found guilty had evidence of his past criminal history not been admitted, and as a result, he was prejudiced. Below, the trial court found that Shadwick failed to identify what, if any, criminal convictions were offered into evidence against him, and that, if he was referring to the criminal convictions offered against him during the sentencing phase of his trial, he failed to demonstrate any prejudice.

A petitioner under Rule 37.1 has the burden of pleading facts to support his claims, and conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. Shadwick fails to identify the specific testimony elicited that required an objection from his trial counsel or that would have resulted in prejudice.[2] The appellate court does not research or develop arguments for appellants. *Sims v. State*, 2015 Ark. 363, at 11, 472 S.W.3d 107, 116. Arkansas Rule of Evidence 609 states that for "the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted" but only if the crime is punishable by imprisonment in excess of one year, and the "court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness[.]" Shadwick's Rule 609 claim fails to establish that trial counsel was ineffective because Shadwick did not testify, meaning trial counsel had no basis to make an objection to Shadwick's claims regarding his proclaimed violations of Rule 609. *See Montgomery v. State*, 2011 Ark. 462, at 15–16, 385 S.W.3d 189, 201 ("Appellant's counsel could not have been ineffective in failing to make a meritless objection, and this assertion of error presents no basis for postconviction relief.").

---

[2]In his Rule 37.1 petition, Shadwick specifically argued that the State called witnesses to testify regarding Shadwick's other criminal episodes that were not charged. Shadwick fails to make that specific argument on appeal, and issues raised below but not argued on appeal are considered abandoned. *Stewart v. State*, 2014 Ark. 419, 443 S.W.3d 538 (per curiam). Notably, witnesses testified regarding Shadwick's requirements to register as a sex offender and his failure to do so, as he was charged with failing to register as a sex offender, which would by its very nature indicate a prior criminal conviction. The jury would have knowledge of the prior conviction, regardless of any other reference to it because Shadwick's prior conviction was the basis for his requirement to register. *See* Ark. Code Ann. § 12-12-904(a)(1)(B) (Supp. 2013).

In the same vein as his prior argument, Shadwick argues that trial counsel was ineffective for not objecting to the trial court's error in allowing "faulty" jury instructions. Shadwick argues that trial counsel was ineffective for failing to submit needed jury instructions and not objecting to the absence of those instructions and that he was prejudiced as a result. Shadwick further argues that the trial court's failure to fully instruct the jury as to the limits for which it could consider the evidence of other crimes deprived him of a fair trial. Again, the trial court found that trial counsel was not ineffective for failing to object to something that "simply did not occur" and that the trial court did not have any duty to instruct the jury when there was no basis for an instruction.

To the extent Shadwick's argument raises a claim regarding trial-court error, such a claim could have been raised at trial. Allegations of trial error that could have been raised at trial or on appeal may not be raised in a Rule 37.1 proceeding. *Airsman v. State*, 2015 Ark. 409, 473 S.W.3d 549 (per curiam). Because this argument should have been raised at trial or on appeal and because Shadwick has failed to argue an error so basic that it rendered the judgment a nullity, Shadwick did not demonstrate he was entitled to postconviction relief. *Id.* Futhermore, Shadwick's claim regarding trial counsel's ineffectiveness remains conclusory. Shadwick fails to cite authority in support of his argument, nor does he otherwise develop the issue by referring to any facts contained in the record that would provide a rational basis for the instruction. *See Sims*, 2015 Ark. 363, at 11, 472 S.W.3d at 116. The appellate court does not research or develop arguments for appellants, and bare assertions of ineffectiveness are not enough. *Id.*

Shadwick contends that trial counsel was ineffective for failing to investigate and present exculpatory evidence of his innocence, specifically, that counsel should have presented evidence that someone else could have committed the offenses. He argues that counsel should have determined whether the victim had been accused of setting up other men in the past with the same tactic; should have investigated further where Shadwick was residing at the time he received the pictures from the victim; should have determined who could verify his residency when he received the photographs; should have determined who had possession of the photographs when Shadwick moved to Arkansas from Montana because it was Shadwick's wife, a hostile witness, who admitted she kept a copy of the photographs "in case [she] needed them for later"; should have determined that none of the photographs were on Shadwick's electronic devices; should have determined why Shadwick's wife was found to be more credible; and should have questioned more thoroughly why the victim was questioned under the rape-shield statute because she was not a victim of a rape.

Shadwick's claims regarding the victim and her prior conduct or his inability to attack her credibility are conclusory, at best. A petitioner under Rule 37.1 has the burden of pleading facts to support his claims, and conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief. *Henington*, 2012 Ark. 181, 403 S.W.3d 55. Shadwick fails to cite authority in support of his arguments, nor does he otherwise develop the issue by referring to any facts contained in the record that would provide a rational basis for his claims for ineffective assistance of counsel. *See Sims*, 2015 Ark. 363, at 11, 472 S.W.3d at 116. Nevertheless, Shadwick's admission of having received the images from the

victim and committing the offenses would not be negated by the admission of testimony

regarding the victim's character pursuant to Rule 608 of the Arkansas Rules of Evidence.[3]

In light of Shadwick's confession and the conclusory nature of his argument, as the trial

court noted below, Shadwick failed to establish that any prior conduct of the victim was

relevant, and as a result, it would have been a collateral matter.  Moreover, Shadwick fails

to demonstrate how he was otherwise prejudiced by counsel's failure to impeach the victim's

credibility, thereby failing to satisfy the second prong of the *Strickland* standard.  *See Turner*

*v. State*, 2016 Ark. 423, at 5, 503 S.W.3d 79, 84 (per curiam) (credibility of a witness is not

a ground for Rule 37.1 relief).

None of Shadwick's arguments regarding his residency at the time of receiving the

images, that his wife had possession of the photographs, and whether any of the photographs

were found on his electronic devices warrant Rule 37.1 relief.  These arguments by

Shadwick are challenges to the sufficiency of the evidence,[4] and the appellate court has

repeatedly held that an attack on the weight of the evidence to support the judgment is a

---

[3]Rule 608(a) states that the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation subject to limitations that the "evidence may refer only to character for truthfulness or untruthfulness, and evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked[.]" Rule 608(b) states that specific instances of conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may be inquired into on cross-examination of the witness, in the discretion of the court, "concerning his character for truthfulness or untruthfulness, or concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."

[4]To the extent Shadwick's argument regarding his residency is a challenge to the trial court's jurisdiction because Shadwick claimed to be a resident of Montana, the trial court found it properly had jurisdiction of the matter.  This point will be addressed in the following point regarding Shadwick's stand-alone argument on the trial court's jurisdiction.

direct challenge to the sufficiency of the evidence that is not cognizable in a Rule 37.1 proceeding. *Turner*, 2016 Ark. 423, at 5, 503 S.W.3d at 83–84. Issues of the sufficiency of the evidence are matters that should have been settled at trial or on the record on direct appeal. *Id.*

Shadwick's claim that his trial counsel should have determined why Shadwick's wife was found to be more credible also fails to warrant postconviction relief. The issue of the credibility of a witness is not a ground for Rule 37.1 relief. *Turner*, 2016 Ark. 423, at 5, 503 S.W.3d at 83–84; *see Dunlap v. State*, 2010 Ark. 111, at 5 (per curiam). Rule 37.1 does not afford the petitioner the opportunity to retry his case or to reargue issues settled at trial or on appeal. *Turner*, 2016 Ark. 423, at 5, 503 S.W.3d at 83–84.

Shadwick argued that his trial counsel was ineffective for failing to provide factual proof that the trial court properly had jurisdiction over his criminal matter. Shadwick argues that counsel failed to provide records and witnesses to prove that he lived in Montana at the time of the alleged offenses. Shadwick generally challenges the validity of his conviction because the trial court lacked jurisdiction over the matter.[5]

Excepting his convictions for failure to register and entering a school campus as a registered sex offender, which largely go unchallenged by Shadwick on jurisdictional grounds, Shadwick was charged and convicted pursuant to Arkansas Code Annotated section 5-27-602(a)(2) (Repl. 2013) which entails the possessing or viewing of matter depicting sexually explicit conduct involving a child, which involves knowingly possessing

---

[5]Subject–matter jurisdiction may be raised at any time and cannot be waived. *State v. Boyette*, 362 Ark. 27, 207 S.W.3d 488 (2005).

or viewing "through any means, including on the Internet, any photograph . . . computer-generated image, . . . or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct."[6] The State contends that a "person may be convicted under a law of this state of an offense committed by his or her own or another person's conduct for which he or she is legally accountable if either the conduct or a result that is an element of the offense occurs within this state[.]" Ark. Code Ann. § 5-1-104(a)(1) (Repl. 2013). The State argues that Shadwick procured the photographs via the Internet by requesting the photographs from the victim, who resided in Arkansas while he lived outside the state, and those photographic images returned to the state when he moved back to Arkansas.[7] The trial court found that Shadwick maintained email and internet addresses and contact with the victim on his and his wife's computer; he received photographs of sexually explicit conduct involving a child; he failed to register as a sex offender in Johnson County, Arkansas; and he entered a school campus in Johnson County, Arkansas—all conduct that invoked the jurisdiction of the court. Shadwick challenged the trial court's jurisdiction in his pro se points on appeal during his direct appeal, and the State

---

[6]Arkansas Code Annotated section 5-27-602(a)(1) states that a person commits distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly "[r]eceives for the purpose of selling or knowingly sells, procures, manufactures, gives, provides . . . or agrees to offer through any means, including the internet, any photograph . . . that depicts a child or incorporates the image of a child engaging in sexually explicit conduct[.]"

[7]Unlike subsection (a)(1), Arkansas Code Annotated section 5-27-602(a)(2) has no element in its statutory language that specifically addresses the procurement of the image or images, and, although the State contends that Shadwick returned to the state with the images, the images were turned over to law enforcement specifically by Shadwick's wife. The record does not indicate that a search was conducted on any electronic devices or computers otherwise.

raised this same argument in response to his claim then. The court of appeals affirmed his convictions and sentences, which included the previously raised jurisdictional question. *Shadwick*, 2016 Ark. App. 13.

Regarding Shadwick's claim that counsel failed to call witnesses on his behalf, the decision whether or not to call particular witnesses is a matter of professional judgment, and even if another attorney would have chosen a different course, it is not grounds for postconviction relief on the basis of ineffective assistance of counsel. *Williams v. State*, 2016 Ark. 459, at 3–4, 504 S.W.3d 603, 606. Shadwick did not provide the names or identity of any witnesses that could have testified on his behalf or the nature of their testimony. Because Shadwick failed to meet his burden of proof on the deficiency prong of the *Strickland* test, the trial court did not clearly err in denying Rule 37 relief.

Shadwick argued that the trial court erred by failing to hold a hearing on the issues raised in his Rule 37.1 petition. Arkansas Rule of Criminal Procedure 37.3 requires an evidentiary hearing in a postconviction proceeding unless the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief. *Van Winkle*, 2016 Ark. 98, at 16, 486 S.W.3d at 789. If the petition and record conclusively show that the petitioner is not entitled to relief, the trial court is required to make written findings to that effect, "specifying any parts of the files, or records that are relied upon to sustain the court's findings." *Id*. (quoting Ark. R. Crim. P. 37.3(a)). Here, the trial court made the requisite findings.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.



*Zackery W. Shadwick*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.