Cite as 2021 Ark. App. 384

# ARKANSAS COURT OF APPEALS

## DIVISION III

**No.** CR-20-712

| | |
|---|---|
| RODNEY GOSHIEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 6, 2021<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-928]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>AFFIRMED |

### WAYMOND M. BROWN, Judge

Appellant Rodney Goshien appeals the order of the Saline County Circuit Court denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2019). Although appellant raises numerous points on appeal, none require reversal. We affirm.

Appellant was convicted by a Saline County jury of commercial burglary and theft of property for which he was sentenced as a habitual offender to an aggregate term of thirty years' imprisonment in the Arkansas Department of Correction. We affirmed his conviction on direct appeal.[1] Appellant then filed in the circuit court a petition for postconviction relief. In an order entered on September 3, 2020, the circuit court, without holding an

---

[1]*See Goshien v. State*, 2020 Ark. App. 265, 601 S.W.3d 138.

evidentiary hearing, denied appellant's petition seeking Rule 37.1 relief. From that denial, appellant now appeals.

On appeal from a circuit court's ruling on a petitioner's request for Rule 37 relief, this court will not reverse the circuit court's decision granting or denying postconviction relief unless it is clearly erroneous.[2] A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed.[3]

The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[4] Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution.[5] A petitioner making an ineffective-assistance-of-counsel claim must show that counsel's performance fell below an objective standard of reasonableness.[6]

---

[2]*Kemp v. State*, 347 Ark. 52, 60 S.W.3d 404 (2001).

[3]*Id.*

[4]*Strickland v. Washington*, 466 U.S. 668 (1984).

[5]*Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007).

[6]*Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam).

A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.[7]

Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he or she was deprived of a fair trial.[8] The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors.[9] A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial.[10] Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable.[11] Additionally, conclusory statements that counsel was ineffective cannot be the basis of postconviction relief.[12]

As an initial matter, appellant alleges that due to "malfeasance of the Saline County Circuit Court Clerk and court reporter," the record was falsely certified on direct appeal. He filed a writ of certiorari seeking relief and stated that in the event the writ is granted, the postconviction appeal "should be dismissed as moot since Rule 37 proceedings are not ripe

---

[7]*Id.*

[8]*Id.*

[9]*Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

[10]*Id.*

[11]*Id.*

[12]*Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783.

until the direct appeal of the conviction has been concluded." Appellant's writ of certiorari was denied by order issued on March 17, 2021.

Appellant's first argument on appeal is that the circuit court's failure to give a limiting instruction concerning the videotaped statement of witness, Bobby Scarberry, was a violation of his fundamental right to due process, right to confrontation, right to a jury trial, and other rights under the laws of the United States and Arkansas. Appellant contends that the circuit court erroneously denied relief on this ground finding that it had already been addressed on direct appeal. However, appellant asserts that on direct appeal, the issue was whether the failure to give the limiting instruction to the jury was a violation of the Arkansas Rules of Evidence and not whether it amounted to a violation of his constitutional rights. We agree with the circuit court's finding that the issue concerning the erroneous jury instruction was addressed on direct appeal. We are not persuaded by appellant's creative attempt to revive the argument. Additionally, in general, trial errors, including constitutional errors, cannot be raised for the first time in a Rule 37 proceeding.[13] The record is devoid of any instance in which appellant raised any of the constitutional arguments regarding Scarberry's videotaped statement prior to the petition for postconviction relief.

Appellant next argues that he was falsely arrested, and the illegal arrest led to a tainted "in-court identification by the alleged victim such that the identification should have been excluded." In the postconviction petition, appellant argued only that he was "arrested, charged and held for months based on an arrest warrant that was issued for another person." First, we observe that appellant has expanded the argument made in the postconviction

---

[13]*Hart v. State*, 2020 Ark. App. 31.

4

petition. To the extent that his argument was not raised in the original petition below, it is not preserved for appeal.[14] Second, a challenge to the validity of an arrest is not cognizable under Rule 37 proceedings.[15]

Next, appellant argues that the circuit court's instruction to the jury to fill out "both verdict forms" in response to the question of whether the jury was allowed to convict appellant of one of the charges but not the other was equivalent to instructing the jury to convict him of both charges. Again, on appeal, appellant expands this argument but, for our purposes, we consider only the aforementioned, as it is the extent to which the issue is properly preserved. Appellant not only failed to object to the jury instruction, but he also failed to raise the issue on direct appeal. When an issue could have been raised at trial or on appeal, it is not a basis for collateral attack on the conviction under Rule 37 unless it presents a question so fundamental as to render the judgment of conviction absolutely void.[16] Further, trial errors, including constitutional errors, cannot be raised for the first time in a Rule 37 proceeding.[17]

For his next point for postconviction relief, appellant argued in his postconviction petition that he was "prevented from seeking legal redress for the deprivation of his rights due to state procedural rules which constitutionally restricted the invocation and assertion

---

[14]*See* Ark. R. Crim. P. 37.2(b).

[15]*Gunn v. State*, 291 Ark. 548, 726 S.W.2d 278 (1987).

[16]*Campbell v. State*, 288 Ark. 213, 703 S.W.2d 855 (1986).

[17]*Hart, supra.*

of his fundamental rights[.]" It is not incumbent on this court to deduce or decipher what procedural rules and what specific rights appellant alleges were violated. Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief.[18] Further, claims unsupported by convincing argument need not be considered on appeal.[19]

For his next ground for relief, in his postconviction petition, appellant argued that he was denied the right to retain his own attorney, was advised that he had to accept the attorney provided by the State, and thereby was deprived of a right that prejudiced his defense. On appeal, appellant once more greatly stretched the argument contending (1) a second trial was scheduled a mere ten days after a mistrial had been declared in the first trial, (2) new evidence was unveiled just prior to the start of trial two, necessitating a change in defense, and (3) State-provided counsel could not be relied on to vigorously defend against the new evidence. He provided no explanation to support his allegation that his State-provided counsel was incompetent to defend him in light of the new evidence. Appellant fails to establish how he was prejudiced by the denial of his request to retain new counsel made on the very day his second trial began. Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief.[20]

Appellant next argues that he was deprived of his right to confront his accuser. Specifically, he asserts he was prejudiced when the accuser was permitted to change her

---

[18] *Shadwick v. State*, 2017 Ark. App. 243, 519 S.W.3d 722.

[19] *Davis v. Kelley*, 2021 Ark. 63.

[20] *Shadwick, supra.*

testimony following the mistrial. Appellant argues that he was unable to effectively confront the accuser given her sudden recollection and ability to identify him as the perpetrator, since she had previously been unable to identify him in the first trial. Constitutional claims such as the Confrontation Clause argument that appellant asserts here are to be raised at trial or on direct appeal, not in requests seeking postconviction relief.[21]

Last, appellant contends that his trial, following the grant of the mistrial, and the habitual-offender sentence enhancement both violated his right against double jeopardy. We recognize that double-jeopardy claims are fundamental claims that can be raised for the first time in petitions for postconviction relief pursuant to Rule 37.1.[22] However, to the extent appellant's argument relates to the sentence enhancement, we find no merit. Application of the habitual-offender statute does not, per se, constitute double jeopardy because the habitual-offender act does not create a separate offense.[23] Its purpose is to subject repeat offenders to a more severe punishment.[24]

With respect to being subjected to a second trial following the declaration of a mistrial in the first one, appellant contends that his trial counsel was pressured by the prosecutor into requesting a mistrial. He contends that under *Oregon v. Kennedy*,[25] this

---

[21] *See McCroskey v. State*, 278 Ark. 156 (1983).

[22] *See Jenkins v. State*, 2017 Ark. 288, 529 S.W.3d 236.

[23] *Wright v. State*, 267 Ark. 264, 590 S.W.2d 15 (1979).

[24] *Blackmon v. State*, 272 Ark. 157, 612 S.W.2d 319 (1981).

[25] 456 U.S. 667 (1982).

conduct violated his double-jeopardy rights. Only where the government conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first trial on his own motion.[26] Here, appellant's assertion that the prosecutor's statement, "We can't do that to this jury. . . . I would prefer not to alienate the jury by asking them to come back on the 10th," amounted to goading sufficient to bar retrial is unpersuasive. We hold that appellant's argument does not fall within the narrow exception set forth under *Kennedy*.

Finally, to the extent appellant contends that the circuit court erred by denying his Rule 37 petition without first holding an evidentiary hearing, his argument is meritless. Arkansas Rule of Criminal Procedure 37.3 requires an evidentiary hearing be held in a postconviction proceeding unless the petition, files, and records of the case conclusively show that the prisoner is entitled to no relief.[27] If the petition and record conclusively show that the petitioner is not entitled to relief, the circuit court is required to make written findings to that effect, "specifying any parts of the files, or records that are relied upon to sustain the court's findings."[28] Here, upon review, we hold that the files and records of the case conclusively established that appellant was entitled to no relief, and the circuit court made the requisite findings.

Accordingly, we hold that the circuit court did not err in denying appellant's petition for Rule 37.1 relief.

---

[26]*Id.*

[27]*England v. State*, 2018 Ark. App. 137, 543 S.W.3d 553.

[28]*Van Winkle v. State*, 2016 Ark. 98, 486 S.W.3d 778.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Rodney Goshien, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.